UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

3M COMPANY and
3M INNOVATIVE PROPERTIES COMPANY,

    Plaintiffs,

v.

HM ELECTRONICS, INC.,

    Defendant.

Civil Action 14-cv-01000 (DWF/TNL)

**JURY TRIAL DEMANDED**

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

## ANSWER

Defendant HM Electronics, Inc. ("HME" or "Defendant") answers the First Amended Complaint of plaintiffs 3M Company and 3M Innovative Properties Company (collectively "3M" or "Plaintiffs") and counterclaims as follows. All averments and allegations not expressly admitted are denied.

## NATURE OF THIS ACTION

1. HME admits that the First Amended Complaint purports to state a claim for patent infringement. HME denies that the claim as any merit.

## THE PARTIES

2. HME lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and on that basis denies those allegations.

3. HME lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and on that basis denies those allegations.

4. Admitted.

## JURISDICTION AND VENUE

5. HME admits that the Court has subject matter jurisdiction.

6. HME admits it is subject to personal jurisdiction in the State of Minnesota but otherwise denies the allegations in paragraph 6.

7. HME admits that venue is proper.

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,694,040

8. HME admits that United States Patent No. 8,694,040 ("the '040 patent") is entitled "Remotely Configurable Wireless Intercom System for an Establishment," that it was issued to Plaintiff 3M IPC as assignee of the inventor, and that a copy of the '040 patent was attached to the First Amended Complaint as Exhibit A. HME otherwise denies the allegations of this paragraph.

9. Denied.

10. Denied.

11. Denied.

## PRAYER FOR RELIEF

HME denies that Plaintiffs are entitled to judgment or relief as set forth on page 3 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof which would otherwise reside with Plaintiffs, HME asserts the following defenses.

FIRST DEFENSE:  HME has not infringed and is not infringing any valid claim of the '040 patent.

SECOND DEFENSE:  On information and belief, the '040 patent and its claims are invalid for failure to satisfy one or more conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. § 101, 102, 103 and 112.

THIRD DEFENSE:  On information and belief, the damages sought by Plaintiffs are barred in whole or in part because of Plaintiffs' failure to comply with 35 U.S.C. § 287(a).

## RIGHT TO AMEND DEFENSES

HME reserves the right to amend its answer to assert further defenses based on future discovery during the lawsuit.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant HM Electronics, Inc. ("Defendant" or "HME") for its counterclaims against 3M Company and 3M Innovative Properties Company (collectively "Plaintiffs" or "3M"), alleges as follows:

## PARTIES

1. HME is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 14110 Stowe Drive, Poway, California 92604.

2. Upon information and belief, plaintiff 3M Company is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 3M Center, St. Paul, Minnesota 55133.

3. Upon information and belief, plaintiff 3M Innovative Properties Company is a wholly-owned subsidiary of 3M Company with its principal place of business at 3M Center, St. Paul, Minnesota 55133.

## JURISDICTION AND VENUE

4. This is an action for declaratory judgment of non-infringement and invalidity of United States Patent No. 8,694,040 arising under the patent laws of the United States, 35 U.S.C. § 1 et seq, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

5. This court has subject matter jurisdiction over HME's Counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1391(c). Plaintiffs have consented to jurisdiction in this district by filing suit against HME in this Court.

## GENERAL ALLEGATIONS

7. This is Plaintiffs' second patent infringement action against HME based on the exact same technology.

8. On March 2, 2012, 3M filed a lawsuit against HME, alleging that HME infringes United States Patent No. 7,599,679 ("the '679 Patent") and United States Patent No. 8,005,455 ("the '455 Patent"). (*See* Civ. No. 12-553-SRN-JSM, Docket No. 1, hereafter "First Lawsuit"). The '679 and '455 Patents are in the same patent family as the '040 Patent.

9. HME petitioned for *inter partes* reexamination of the '679 and '455 Patents. The parties agreed to stay the First Lawsuit until the reexamination proceedings were concluded.

10. In its reexamination requests, HME identified nine prior art references and 21 different ways of combining the references that render the '679 and '455 patents invalid. None of the references relied upon in HME's reexamination requests was before the PTO during prosecution of the '679 and '455 Patents. The PTO granted HME's petitions for reexamination.

11. On December 6, 2012, the PTO issued an initial office action rejecting all 20 claims of the '455 Patent. The PTO subsequently issued a Final Office Action, again rejecting all of the claims in the '455 Patent on five separate grounds.

12.     The '679 Patent fared no better upon re-examination.  On November 15, 2012, the PTO rejected all 30 claims of the '679 Patent.  Although the PTO has not yet issued a final decision, the reasons articulated by the patent examiner in the initial office action rejecting the claims in the '679 Patent are the same reasons the PTO rejected the claims in the '455 Patent.

13.     While the re-examination proceedings were pending, 3M obtained the patent at issue in this case, the '040 Patent.  The '040 Patent is a continuation of the patents at issue in the First Lawsuit, the '455 and '679 patents.  3M filed a terminal disclaimer to obtain the '040 patent, and to avoid a double-patenting rejection.  In doing so, 3M agreed that the term of the '040 patent would not extend beyond the term of the '679 patent, and that the '040 patent would be enforceable only during the period that the two patents are commonly owned.

14.     Even though the predecessor patents stand rejected and the '040 Patent discloses nothing separately patentable, 3M filed the present suit based on the '040 Patent.

15.     An actual controversy exists between HME and Plaintiffs regarding the infringement and validity of the '040 Patent.

## FIRST CAUSE OF ACTION:  DECLARATORY JUDGMENT OF INVALIDITY

1. HME incorporates the allegations of the previous paragraphs.

2. The '040 patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

3. Indeed, all claims in the predecessor patents currently stand rejected.  The same prior art renders the '040 patent invalid.

4. 3M filed a terminal disclaimer to obtain the '040 patent.  In doing so, 3M effectively conceded that the '040 patent does not contain any invention that is separately patentable from the alleged inventions disclosed in the '679 patent.  At present, all claims in the '679 patent have been rejected.

5. The same prior art that renders the predecessor patents invalid also invalidates the '040 patent.

6. HME is entitled to a declaratory judgment of invalidity and a declaration that this is an exceptional case entitling HME to an award of the attorney's fees and costs incurred.

## SECOND CAUSE OF ACTION:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT

7. HME incorporates the allegations of the previous paragraphs.

8. HME has not infringed and is not infringing the '040 patent.

9.      HME is entitled to a declaratory judgment of non-infringement of the patents.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, HME demands a trial by jury on all issues so triable.

## RELIEF REQUESTED

WHEREFORE, HME respectfully requests the following relief:

1.      Judgment in favor of HME denying all relief requested by Plaintiffs in this action and dismissing Plaintiffs' Complaint for patent infringement with prejudice;

2.      Judgment declaring that HME has not infringed and is not infringing any valid claim of the '040 patent, and that HME has not contributed to or induced and is not contributing to or inducing infringement of any valid claim of the patents;

3.      Judgment declaring that each claim of the '040 patent is invalid;

4.      Judgment declaring this to be an exceptional case under U.S.C. § 285 and awarding HME its costs, expenses, and reasonable attorneys' fees; and

5.      Such other and further relief as the court deems just and proper.

Dated:  August 25, 2014 **FREDRIKSON & BYRON, P.A.**

s/ Lora M. Friedemann

Lora M. Friedemann (#259615)
Kurt J. Niederluecke (#271597)
Adam R. Steinert (#389648)
200 South Sixth Street, Ste. 4000
Minneapolis, MN 55402-1425
Telephone:  (612) 492-7000
Facsimile:  (612) 492-7077
lfriedemann@fredlaw.com
kniederluecke@fredlaw.com
asteinert@fredlaw.com

*Attorneys for HM Electronics, Inc.*

5108516_2.doc